**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:34 pm, Jul 26, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

IN RE: ) Chapter 13 Case
) Number <u>16-30192</u>
PENNY C. MULLIS, )
)
Debtor )
_____)

## OPINION AND ORDER

Before the Court is an Objection to the Claim of World Finance Corporation ("World Finance") filed by Penny C. Mullis ("Debtor") seeking disallowance of World Finance's proof of claim.[1] This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Debtor's Objection to Claim is denied.

## FINDINGS OF FACT

World Finance filed an unsecured claim in the amount of $2,506.32 and attached loan documentation in support of its claim. Claim No. 6. The itemization of the loan includes a $10.00 charge for "Non-Filing Ins. Prem." which is not included in the finance

---

[1] The arguments in this dispute are identical to those asserted in <u>In re Moss</u>, Ch. 13 Case No. 16-10968 (Bankr. S.D. Ga. July 20, 2016). By stipulation of the parties, the pleadings filed and the facts and arguments presented apply in both cases. A separate order will be entered in the <u>Moss</u> case.

charges. Claim No. 6.

World Finance attached to its response a copy of the non-filing insurance policy as well as a general explanation of the insurance. Dckt. No. 64, Exs. A and B. The insurance policy states in pertinent part:

> The [insurance] Company hereby agrees subject to the terms, limitations and conditions hereof to indemnify [World Finance] against any direct loss which [World Finance] may, during the period specified in the said Declarations, sustain by reason of having, in good faith and in the usual course of business purchased, taken, received, made advances on, made loans against or extended credit upon an Instrument as hereinafter defined,[2] as security for a loan to a customer of [World Finance], but only insofar as [World Finance] is damaged through being prevented from:
>
> (a) obtaining possession of the property represented by such instrument and/or retaining the proceeds thereof; and/or
>
> (b) enforcing its rights under such Instrument;
>
> <u>solely as the result of the failure of [World Finance] duly to record or file the Instrument with the proper Public Officer or Public Office.</u>

---

[2] The insurance policy defines the word "Instrument" as: "a Chattel Mortgage, a Conditional Bill of Sale, a Conditional Sales Contract, a Chattel Trust Deed, a Trust Receipt, a Deed of Trust or a Bill of Sale to secure debt, creating or reserving a lien or Interest in household goods, appliances, equipment, machinery, automobiles, motor trucks or similar manufactured products which customarily are not so affixed to realty as to become a part thereof." Dckt. No. 64, Ex. A.

2

Dckt. No. 64, Ex. A (emphasis added).

Debtor's bankruptcy plan was confirmed to pay a 100% dividend to Debtor's general unsecured creditors. See Dckt. No. 85. As a result, if World Finance's claim is allowed to stand, it will be paid in full through Debtor's bankruptcy. It has not received any payment, nor does it expect to receive any payment, as a result of the non-filing insurance. Dckt. No. 64, ¶4.

Non-filing insurance is a two-party insurance policy between the insurer and World Finance only. Debtor is not a party, or a beneficiary of the policy. Dckt. No. 64, Exs. A and B. According to World Finance's general explanation, "non-file insurance is for the protection of the lender, not the borrower." Id., Ex. B. The loan document provides the insurer with a right of subrogation upon its payment of a claim under the policy. Dckt. No. 64, Ex. A, ¶9. World Finance's pleading explains: "A non-file claim can be made on an account if it has been coded Bankruptcy . . . ." Dckt. No. 64, Ex. B. World Finance's pleading further explains, "[i]f payments are later received on the loan that was subject to a non-file claim (either from the customer or from the Trustee, in the case of a bankruptcy), then the amount of [World Finance's] claim [against the insurance company] is reduced and that amount of the insurance recovery is returned to the insurer [],

3

AO 72A
(Rev. 8/82)

thereby reducing our claim." Id., Ex. B.

## CONCLUSIONS OF LAW

Non-filing insurance is statutorily recognized insurance designed to be purchased by a lender to insure the lender against the risk that another creditor will obtain priority over the non-filing lender's interest in the collateral as a result of the non-filing lender's failure to duly perfect its security interest. See Christ v. Beneficial Corp., 547 F.3d 1292, 1295 n. 1 (11th Cir. 2008).

> Georgia defines non-filing insurance as:
>
> [P]roperty insurance utilized in connection with credit transactions in lieu of the actual recording, filing, or releasing of a security instrument or financing statement. The premium charge for this insurance may not exceed the actual official fees which would be payable to file, record, or release a security instrument or financing statement. This insurance provides coverage for any loss or potential loss caused by any means whereby the creditor is prevented from obtaining possession of the covered property, enforcing its rights under a security agreement, or obtaining the proceeds to which it is entitled under the agreement. Nothing shall prohibit nonrecording insurance or nonfiling insurance from being incorporated, by endorsement or rider, into a vendor's single interest policy or a similar type of policy.

O.C.G.A. §33-7-3.1(a)(1)(F). The premium for "non-filing" insurance is not required to be included in the finance charges used to calculate a loan's annual percentage rate ("APR"). See 15 U.S.C.

4

§1605(d)(the federal Truth in Lending Act ("TILA") exempting non-filing insurance premiums from being included as a finance charge); see also O.C.G.A. §7-3-15(the Georgia Industrial Loan Act ("GILA") allowing non-recording insurance fees to be charged on GILA loans).

In this case, Debtor's chapter 13 plan is a 100% plan and will pay her general unsecured creditors in full. World Finance filed an unsecured claim in the amount of $2,506.32 and attached loan documentation in support of its claim. Claim No. 6.

Debtor objects to World Finance's claim and asserts two basic arguments. First, Debtor contends World Finance's conduct and insurance policy do not fall within the statutory definition of "non-filing" insurance because the insurance policy covers losses in addition to those caused by the failure to duly perfect a lien. Debtor argues since World Finance's conduct and policy do not meet the statutory definition of non-filing insurance, World Finance violated the TILA when it failed to include the insurance premium as a finance charge in its loan itemization[3] and charged a prohibited charge under the GILA. Second, in response to World Finance's subrogation argument, Debtor contends World Finance is not the proper party to file the proof of claim if it received payments on

---

[3] Including the premium in the finance charges increases the APR required to be disclosed under TILA.

5

the claim from its insurer.

World Finance's response is three-fold. First, World Finance contends neither its conduct nor the insurance policy violate the TILA or GILA statutes because the policy is non-filing insurance and therefore the premium is not required to be included as a finance charge under the TILA, nor is it a prohibited charge under GILA. Second, in this case, World Finance has not, and will not, receive any payment through the non-filing insurance policy as a result of Debtor's bankruptcy. Dckt. No. 64. Third, even if World Finance did receive a payment from its insurer, World Finance contends it would still have a claim in this bankruptcy because Debtor is not a beneficiary of the policy.

In bankruptcy, a proof of claim is deemed allowed unless a party in interest objects and it is prima facie evidence of the claim's amount and validity. 11 U.S.C. §502(a); Fed. R. Bankr. P. 3001(f); In re Walston, 606 F. App'x. 543, 546 (11th Cir. June 2, 2015) (quoting In re Mobile Steel Co., 563 F.2d 692, 701 (5th Cir. 1977). As the objecting party, Debtor bears the initial burden to "come forward with enough substantiations to overcome the claimant's prima facie case." Id. If the objecting party overcomes the prima facie case, the burden of proof falls to the party that would bear the burden outside of bankruptcy." Id.; In re Jordahl, 555 B.R.

6

861, 863 (Bankr. S.D. Ga. 2016)(setting forth the shifting burden of proof in an objection to claim).

Debtor argues since the policy covers Debtor's filing of the bankruptcy petition, it covers losses in addition to those caused by the failure to duly perfect a security interest, and therefore, the policy is no longer "non-filing" insurance but rather has transformed into a "general default" insurance policy. In re Moss, Chapter 13 Case No., 16-10968,[4] Dckt. No. 37 (quoting 12 C.F.R. 226.4(b)(5)(defining general default insurance as insurance that "protects the creditor against the consumer's default or other credit loss."). Unlike premiums for non-filing insurance, premiums for general default insurance are required to be included in the finance charges under the TILA and are not an allowed charge under O.C.G.A. §7-3-15. Debtor contends because the insurance policy does not fit the narrow definition of "non-filing insurance" under Georgia law, World Finance's failure to disclose the $10.00 charge as a finance charge in its loan documents violates the TILA and the GILA. See Edwards v. Your Credit, Inc., 148 F.3d 427, 436 (5th Cir. 1998).

Under the terms of the insurance policy, World Finance may assert a claim against the policy when it is damaged through being

---

[4] See n. 1 supra.

prevented from obtaining possession of the property and/or enforcing its rights under the loan document **solely** because of World Finance's failure to perfect its security interest. See Dckt. No. 64, Ex. A, p. 4. The terms of the insurance policy fit squarely into the traditional notion of non-filing insurance. See O.C.G.A. §33-7-3.1(a)(1)(F); Edwards v. Your Credit, Inc., 148 F.3d at 436 (stating the terms of an insurance policy virtually identical to the one at issue in this case unambiguously created non-filing insurance); In re Pinkston, 183 B.R. 986, 989-990 (Bankr. S.D. Ga. 1995)(an insurance policy with coverage in the event of a bankruptcy filing remains non-filing insurance). Because the insurance policy meets the definition of non-filing insurance World Finance was not required to include the premium as a finance charge and it is not a prohibited charge and therefore there is no violation of the TILA or GILA.

As the Fifth Circuit explained, a non-filing insurance policy covers losses sustained in three possible ways: 1) when another creditor has filed the appropriate financing statement and obtains priority over the insured just because the insured failed to file; 2) when the customer sells the collateral financed to another consumer and does not inform the purchaser of the security interest; and 3) "where a debtor declares bankruptcy and [the lender's]

8

secured interest would not have been avoidable if [the lender] had filed a financing statement." Edwards, 148 F.3d at 438 (emphasis added). The Edwards court explained that under 11 U.S.C. §544(a), a bankruptcy trustee may assert the rights of a hypothetical lien creditor and prevail over an unperfected security interest thus triggering a non-filing insurance claim. Id. at n. 15; see also 11 U.S.C. §544(a); O.C.G.A. §11-9-322 (priority of security interest ranks from time of filing or perfection); In re Pinkston, 183 B.R. at 989-990.

The argument in Edwards was that conduct in addition to the filing of the bankruptcy transformed the non-filing insurance into general default insurance, namely, additional loss coverages and informal stop-loss agreements between the insured and insurer. Edwards, 148 F.3d at 431. In the case currently before the Court, there are no allegations of such additional coverages or other transformation actions. For these reasons, the policy in this case has not been transformed into a general default insurance policy.

Next, Debtor argues World Finance's claim should be stricken because the subrogation rights under the insurance policy make the insurer the proper claimant not World Finance. See 11 U.S.C. §509. World Finance disagrees contending it has not, and will not, be paid by the insurer because it will be paid in full

through Debtor's bankruptcy plan. Furthermore, World Finance contends the insurer's subrogation rights do not relieve Debtor of her obligation to repay the money she borrowed. I agree.

World Finance's claim is entitled to prima facie validity and therefore Debtor must come forward with enough evidence to call the validity of the claim into question. 11 U.S.C. §502(a); Fed. R. Bankr. P. 3001(f). Debtor has not produced any evidence that World Finance has received any payments from the insurer, and World Finance denies receiving any payments and denies it will receive any payments on this claim from the insurer because this is a 100% case. Dckt. No. 64, ¶4; see Dckt. No. 103, Declaration of Roland M. Knight III, World Finance's corporate counsel (averring World Finance has not received any payments under its non-filing insurance policy). The claim in this case will be paid once and there is no double recovery. The subrogation rights, and the fact that non-filing insurance was purchased, do not relieve Debtor of her obligation to repay the debt.

For the these reasons, Debtor's objection to the claim of World Finance Corporation is ORDERED DENIED.

/s/ Susan D. Barrett
_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 26th day of July, 2017.

AO 72A
(Rev. 8/82)

10

through Debtor's bankruptcy plan. Furthermore, World Finance contends the insurer's subrogation rights do not relieve Debtor of her obligation to repay the money she borrowed. I agree.

World Finance's claim is entitled to prima facie validity and therefore Debtor must come forward with enough evidence to call the validity of the claim into question. 11 U.S.C. §502(a); Fed. R. Bankr. P. 3001(f). Debtor has not produced any evidence that World Finance has received any payments from the insurer, and World Finance denies receiving any payments and denies it will receive any payments on this claim from the insurer because this is a 100% case. Dckt. No. 64, ¶4; see Dckt. No. 103, Declaration of Roland M. Knight III, World Finance's corporate counsel (averring World Finance has not received any payments under its non-filing insurance policy). The claim in this case will be paid once and there is no double recovery. The subrogation rights, and the fact that non-filing insurance was purchased, do not relieve Debtor of her obligation to repay the debt.

For the these reasons, Debtor's objection to the claim of World Finance Corporation is ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 26th day of July, 2017.